**Dated: February 8, 2017**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHERRI LYNN NILES, | ) | Case No. 16-13814-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |

### ORDER DISMISSING CASE

On January 25, 2017, this Court entered the Order Directing Debtor to Show Cause Why This Case Should Not Be Dismissed [Doc. 18] (the "Order"). Debtor Sherri Lynn Niles ("Debtor") responded to the Order by letter [Doc. 20] filed on January 31, 2017 (the "Response"). For the reasons set forth below and pursuant to 11 U.S.C. § 109(h)(1), Debtor was not eligible to be a bankruptcy debtor when she filed her bankruptcy petition and this case must, therefore, be dismissed.

Debtor filed her bankruptcy petition on September 22, 2016. [Doc. 1]. A court note was made on September 23, 2016, noting that, among other documents missing from Debtor's initial filing, was her credit counseling certificate. See Notice of Electronic Filing filed on September 23, 2016. In her Response, Debtor states that she thought she filed all of the required

paperwork but was advised by the Court Clerk's office that the credit counseling certificate was required and could still be filed.  Debtor thereafter took the credit counseling course, completing it on October 21, 2016 [Doc. 15], almost one month after she filed her bankruptcy petition.  Debtor admits to possibly misunderstanding the time requirements for completing the credit counseling course and advises the Court that she has limited income and had difficulty coming up with the money to complete the course.

Title 11 U.S.C. § 109(h)(1) provides that, for an individual to qualify as a debtor, the individual must complete a credit counseling course during the 180-day period **ending** on the Petition Date.  As other bankruptcy courts in Oklahoma have previously held, a bankruptcy case must be dismissed if the credit counseling course requirement is not met *prior to filing the bankruptcy petition*.  In re Hancock, 2015 WL 1292387 (Bankr. W.D. Okla. 2015); In re Smith, 2012 WL 5076282 (Bankr. N.D. Okla. 2012); In re Lane, 2012 WL 1865448 (Bankr. N.D. Okla. 2012) (credit counseling course must be taken prior to moment of filing petition).  In fact, the majority of bankruptcy courts hold that a bankruptcy case must be dismissed based upon lack of eligibility to be a debtor if the credit counseling requirement is not completed prior to filing of the petition.  Hancock, 2015 WL 1292387 (citing In re Borges, 440 B.R. 551, 556 (Bankr. D. N.M. 2010)).  "Because the requirements for compliance with section (h)(1) are 'plain and mandatory,' bankruptcy courts are left with no discretion to conduct further inquiry regarding a debtor[']s eligibility."  Hancock, 2015 WL 1292387 (quoting Borges, 440 B.R. at 556).

Here Debtor completed the credit counseling course after the Petition Date, rendering her ineligible to be a debtor under Section 109(h)(1).  Moreover, Debtor does not suggest that a valid exemption from, or ground for waiver of, the credit counseling requirement under Section

109(h)(2)-(4) is present, and the Court finds no circumstances present warranting an exemption or waiver based on the Response.

Accordingly, this bankruptcy case is DISMISSED.

IT IS SO ORDERED.

# # #